IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR LOPEZ-SANCHEZ,<br><br>                       Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>                       Respondent. | Case No. 1:14-cv-00862 MJS (HC)<br><br>**ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

      Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      Petitioner claims entitlement to a credit against his federal sentence for time served in state custody prior to sentencing. (See Pet., ECF No. 1.)

      Petitioner previously filed a federal petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Texas. That petition was denied, and a subsequent appeal to the Fifth Circuit Court of Appeals was similarly denied. See Sanchez v. Tamez, 456 Fed. Appx. 433 (5th Cir. 2012).

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

      The instant petition does not challenge petitioner's conviction or sentence. Rather, Petitioner contends that the Bureau of Prisons ("BOP") is executing Petitioner's sentence

1

in a way that violates federal law because the BOP refuses to give Petitioner credit for time spent in California state custody. Provided below is the Fifth Circuit decision describing the relevant procedural background and reasoning for its denial of the petition:

> Cesar Lopez-Sanchez, federal prisoner # 58575-054, appeals the district court's denial of his 28 U.S.C. § 2241 petition. Lopez-Sanchez argues that the district court erred in finding that he was not entitled to credit against his 140-month sentence for conspiracy to distribute and to possess with intent to distribute cocaine, imposed on September 26, 2008, for time he served on his three-year state sentence prior to the imposition of the federal sentence.
>
> In reviewing the denial of habeas relief, the district court's findings of fact are reviewed for clear error and issues of law are reviewed de novo. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). A federal sentence commences to run on the date that a person is received at the penitentiary or jail for the service of his sentence. Blackshear v. United States, 434 F.2d 58, 59 (5th Cir. 1970). A defendant is given credit toward his term of imprisonment for any time he spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence." 18 U.S.C. § 3585(b).
>
> There is no dispute that Lopez-Sanchez received 564 days credit on the federal sentence for the period from March 12, 2007, through September 25, 2008. The issue is whether he was entitled to credit on the federal sentence for time he served on the state sentence prior to March 11, 2007, in light of the district court's imposition of the 140-month federal sentence to be served concurrently with the sentence imposed in the California case. Section 3585(b) does not mandate that he be given credit against his 140-month sentence for that time. Even it intends to do so, a district court does not have the authority under § 3585(b) to order a federal sentence to run absolutely concurrently with a prior sentence. United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980).
>
> To the extent that Lopez-Sanchez argues that he is entitled to the credit on the federal sentence because the district court in essence applied U.S.S.G. § 5G1.3 at sentencing, this argument is unavailing. Although the district court imposed the 140-month sentence to run concurrently with the state sentence, the district court did not expressly refer to § 5G1.3(b), and Lopez-Sanchez has not argued that either the parties or the presentence report mentioned § 5G1.3(b). Moreover, the district court did not state in imposing sentence that Lopez-Sanchez should receive credit for the time he had served on the state sentence prior to the imposition of the federal sentence. Although in his reply brief Lopez-Sanchez argues that the sentencing court found that "relevant conduct existed between the charges" and that the federal conspiracy arose from the state conduct, the only record evidence he cites in support of this assertion is the sentencing court's statement at sentencing that the three-year state term of imprisonment "was also out of drug charges," which does not constitute a finding that the state conduct was considered by the court to be relevant conduct. See § 1B1.3. Lopez-Sanchez does

> not point to anything else in the record supporting his assertion that the state offense was considered relevant conduct for purposes of § 1B1.3; moreover, he does not argue that the state offense formed the basis for an increase in the offense level. See § 5G1.3(b). The sentencing transcript does not reflect that the district court intended that "any and all time that [Lopez-Sanchez] spent in state prison would be credited against his federal sentence[]." Haynes v. U.S. Bureau of Prisons, 413 F. App'x 779, 779 (5th Cir. 2011), cert. denied, 132 S. Ct. 788, 181 L. Ed. 2d 504, 2011 WL 5902505 (2011) (No. 11-6993).
>
> Lopez-Sanchez has failed to show that the district court erred on any point of law or was clearly erroneous in any finding of fact in denying his claim for habeas relief under § 2241. See Jeffers, 253 F.3d at 830. Accordingly, the judgment of the district court is AFFIRMED.

Sanchez v. Tamez, 456 Fed. Appx. 433, 433-434 (5th Cir. 2012).

## II.     JURISDICTION

### A.     Subject Matter Jurisdiction

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

Petitioner asserts that the Bureau of Prisons improperly calculated his prior custody credits. "Habeas corpus jurisdiction is available under 28 U.S.C. section 2241 for a prisoner's claims that he has been denied good time credits without due process of law." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973)). Accordingly, the Court concludes that it has subject matter jurisdiction over the petition.

### B.     Jurisdiction Over the Person

Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit

1  Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of
2  habeas corpus under § 2241 must file the petition in the judicial district of the Petitioner's
3  custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the
4  penitentiary where a prisoner is confined constitutes the custodian who must be named
5  in the petition, and the petition must be filed in the district of confinement. Id.; Rumsfeld
6  v. Padilla, 542 U.S. 426, 446-47 (2004). It is sufficient if the custodian is in the territorial
7  jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter
8  does not defeat personal jurisdiction that has once been properly established. Ahrens v.
9  Clark, 335 U.S. 188, 193, 68 S. Ct. 1443, 92 L. Ed. 1898 (1948); Francis v. Rison, 894
10 F.2d 353, 354 (9th Cir. 1990). A failure to name and serve the custodian deprives the
11 Court of personal jurisdiction. Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003).
12      According to the Federal Inmate Locator available on-line, Petitioner is
13 incarcerated at Taft Correctional Institution at the time of filing. Taft Correctional
14 Institution is located within the Eastern District of California. Accordingly, the Court
15 concludes that it has personal jurisdiction over the custodian as Petitioner was confined
16 in the district at the time of filing.

17 **III.    ANALYSIS**

18      **A.    Petitioner's Claim**

19      Petitioner seeks prior custody credit for the served in state custody, from March
20 14, 2005 to March 11, 2007, prior to the commencement of his federal custody. (Pet. at
21 2-4.)

22      **B.    Prior Custody Credit**

23      The authority to compute a federal prisoner's sentence is delegated to the United
24 States Attorney General, who exercises this authority through the U.S. Bureau of Prisons
25 ("BOP"). United States v. Wilson, 503 U.S. 329, 334-35 (1992). "Computing a federal
26 sentence requires two separate determinations: first, when the sentence commences;
27 and, second, to what extent the defendant in question may receive credit for any time
28 already spent in custody." United States v. Smith, 812 F. Supp. 368, 370 (E.D.

N.Y.1993). A federal sentence commences "on the date the defendant is received in custody . . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In this regard, the Ninth Circuit has recently joined other circuits in noting

> that courts have interpreted § 3585(a) to mean that a federal sentence cannot begin before the defendant has been sentenced in federal court. See United States v. Gonzalez, 192 F.3d 350, 355 (2d Cir. 1999) (holding that a district court cannot "backdate" a federal sentence to the beginning of a state prison term on related state charges.); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.")

Schleining v. Thomas, 642 F.3d 1242, 1244 (9th Cir. 2011).

The statute governing credits and the calculation of a federal term of imprisonment provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> (1) as a result of the offense for which the sentence is imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Here, Petitioner has not presented evidence that the decision of the Fifth Circuit Court of Appeals was incorrect. The Court found that while the trial court ordered Petitioner's state and federal sentences to be served concurrently, it explicitly did not state that Petitioner should receive credit for the time spent in state custody. Moreover, Petitioner sought review of the decision of the Fifth Circuit with the United States Supreme Court, but the writ of certiorari was denied. Lopez-Sanchez v. Tamez, 132 S. Ct. 2705 (2012).

Petitioner has presented the same arguments as previously presented in his prior petition to this Court. The Court finds the reasoning presented by the Fifth Circuit

persuasive. Petitioner's assertion that he was improperly denied credit for his time spent in state custody is incorrect and he is not entitled to habeas relief.

### IV. CONCLUSION AND RECOMMENDATION

Therefore it is RECOMMENDED that the petition for writ of habeas corpus be DENIED. Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to the present matter.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 2, 2014 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE